Rogelio RUIZ, Appellant,

v.

Rita RUIZ, Appellee.

No. 04–82–00496–CV.

Court of Appeals of Texas,
San Antonio.

March 28, 1984.

Ernest G. Mireles, Eagle Pass, J. Ken Nunley, Dodson, Nunley & Taylor, Hondo, for appellant.

Nancy H. Hausman, Eagle Pass, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

In this divorce case, the decree dissolving the marriage, dividing the property and providing for custody and support of the children was rendered August 20, 1982. On September 1, 1982, while the trial court retained plenary control of the judgment under Rule 329b(d), the prior judgment, which had awarded custody of the six children of the marriage to the mother, Rita Ruiz, and ordered the father, Rogelio Ruiz to pay child support in the amount of $400.00 per month, was modified to award the father custody and control of the oldest child, then aged 15. The portion requiring the father to pay $400.00 per month was

left unchanged, except that the provisions of the prior order providing for reduction of the support payments by $66.67 per month as each child became of age, was changed to provide for a reduction of $80.00 per month.

The father complains of that portion of the decree which awarded the home of the parties to the mother and asserts that the trial court abused its discretion in not lowering the amount of child support when it awarded custody of the oldest child to the father.

We modify the judgment and, as modified, affirm it.

The court found that the house in question had a value of $8,000.00. The portion of the decree awarding this property to the mother required that she pay the father $4,000.00 in cash.

 The father contends that the house in question was his separate realty and that the trial court lacked the power to divest him of title to such property. We cannot agree. The evidence establishes that the property was purchased during the marriage and that all payments were made from the earnings of the father during such marriage.

Since the earnings of a spouse are community property and the property was acquired during the marriage, there is nothing in the record to establish that the home was the separate property of the father. *See Arnold v. Leonard,* 114 Tex. 535, 273 S.W. 799 (1925); *Maben v. Maben,* 574 S.W.2d 229, 232 (Tex.Civ.App.—Fort Worth 1978, no writ).

 We find no abuse of discretion in the provisions requiring payment of $400.00 per month child support. The evidence shows that the mother's gross pay was $800.00 per month, while the monthly gross pay of the father was $887.00. The mother testified that the expense of raising five children was $900.00 per month, including the expense of hiring someone to take care of the children while she was at work, since two of the children are less than six years old. Considering the entire record, we cannot say that there has been a clear abuse of the wide discretion vested in

the trial court in these matters. *Rodgers v. Texas Department of Public Welfare,* 548 S.W.2d 798 (Tex.Civ.App.—Waco 1977, no writ).

 The father complains of that portion of the decree which allows the mother to claim all six children as dependents for federal income tax purposes. The question of income tax exemptions is clearly an area which has been preempted by the federal government and must be decided according to applicable federal statutes, rules and regulations. State courts have no power to interfere in this area.

 The judgment of the trial court is reformed by deleting the provision that Rita Ruiz shall have the right "to claim the dependency exemptions for the children of the marriage for the purpose of federal income taxes." As so modified, the judgment of the trial court is affirmed.

All costs of this appeal are taxed against appellant, Rogelio Ruiz, and his sureties on the appeal bond, Mario Ruiz and Aurelio Ruiz.