**In the Interest of J.G.Z., J.N.Z., and J.B.Z., Minor Children.**

No. 06–97–00021–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 25, 1997.

Decided Feb. 11, 1998.

Ebb B. Mobley, Longview, for appellant.

Toby C. Wilkinson, Law Office of Toby C. Wilkinson, Greenville, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

G.Z. appeals from a judgment in favor of K.L. ordering G.Z. to pay $55,000 in child support retroactively and changing the federal income tax exemption for their children. G.Z. complains on appeal that the trial court erred in awarding a judgment against him, in modifying his child support obligation retroactive to August 1988, in failing to file findings of fact and conclusions of law, and in changing the federal tax dependency exemption.

The facts leading to this appeal are not in dispute. G.Z. and K.L. were divorced in June 1983, in Clark County, Indiana. K.L. was awarded custody of the couple's three sons, J.G.Z., J.N.Z., and J.B.Z. In August 1985, the Indiana court awarded G.Z. temporary custody of the children.

Both parties subsequently moved to Texas. In September 1986, K.L. sought and received a temporary order modifying her visitation rights in a Tarrant County court. Each party then sought relief as to temporary custody, support, and visitation. In January 1987, K.L. filed a Motion to Modify as to custody.

In January 1988, the Tarrant County court issued a temporary order requiring K.L. to pay child support. In September 1988, by "Additional Temporary Order," the children were placed in the physical custody of K.L., with visitation privileges granted to G.Z. That order, dated September 14, 1988, states: "IT IS ORDERED that neither party shall pay child support at this time."

The case was transferred to Upshur County in November 1995. On November 28, 1995, K.L. filed a "First Amended Motion to Modify Prior Order in Suit Affecting the Parent–Child Relationship." In the motion, K.L. requested child support "retroactive to the time when [K.L.] first came into possession of the children pursuant to the Agreed Temporary Orders dated September 14, 1988."

On February 1, 1996, the Upshur County court signed an Agreed Temporary Order which named the parties temporary joint managing conservators. The order gave K.L. the right to establish residence and domicile of two of the children and specified G.Z.'s visitation rights for those children. The order gave G.Z. the right to establish residence and domicile of the remaining child and specified K.L.'s visitation of that child. Further, the order gave G.Z. and K.L. the "exclusive right to receive and give receipt for periodic payments for the support of the children" of which they had primary custody.

This is the only mention of child support in the order.

On July 22, 1996, the trial court heard evidence on K.L.'s First Amended Motion to Modify. The trial court entered an "Order Modifying Prior Order in Suit Affecting the Parent–Child Relationship—Order Establishing Child Support Obligation" on November 15, 1996. The order appoints K.L. as sole managing conservator and G.Z. as possessory conservator of the three children. Further, the order requires G.Z. to pay child support and sets out G.Z.'s visitation rights.

The order also retroactively modifies G.Z.'s child support obligation, requiring that G.Z. pay $55,000 in unpaid child support. This amount is to be paid out after payment of regular, on-going child support stops. Additionally, the order awards a judgment against G.Z. for the retroactive support. Finally, the order awards K.L. the right to claim the children as dependants. Findings of Fact and Conclusions of Law were filed pursuant to an order from this Court.

## Retroactive Support

In his first and third points of error, G.Z. contends that the court erred in awarding a "judgment for arrearage of child support" and in modifying his child support obligation retroactive to August 1988.

The term "retroactive support" is used to refer to two different concepts. *Retroactive support* can be ordered in instances where child support has not been previously ordered.[1] Trial courts can also *retroactively modify* existing child support obligations.[2] This case involves the latter, a modification of an existing support order, which was made effective retroactively.

In determining whether the trial court erred in awarding retroactive child support, the applicable standard is abuse of discretion by the trial court.[3] In fact, "it is imperative that the trial judge have broad discretion to decide whether all of the facts

---

1. Tex.Fam.Code Ann. § 154.009 (Vernon 1996).

2. Tex.Fam.Code Ann. § 156.401 (Vernon Supp. 1998); *see also Holley v. Holley*, 864 S.W.2d 703 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Rocha v. Villarreal*, 766 S.W.2d 895 (Tex. App.—San Antonio 1989, no writ).

3. *Holley*, 864 S.W.2d at 707.

and circumstances necessitate and justify a retroactive award of support."[4] The test under the abuse of discretion standard is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles.[5]

The relevant portion of the judgment reads:

### RETROACTIVE CHILD SUPPORT

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petitioner, [K.L.] is awarded judgment of and from the Respondent, [G.Z.] in the amount of $55,000.00 for retroactive child support which the Court finds to be due and owing by the Respondent to the Petitioner, together with interest thereon at the rate of 12% per annum until fully paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent, [G.Z.] pay and discharge the judgment for arrearage of child support together with the interest thereon at the rate of $500.00 per month until all of said judgment has been fully paid and discharged, the first payment of $500.00 being due and payable on the 1st day of any month first occurring after none of the three children specified above are living, they have all become emancipated, or have all attained the age of eighteen years and none are no longer fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma (the first day of any month occurring after the regular child support is no longer due and owing).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent, [G.Z.] pay to the Petitioner, [K.L.], as retroactive child support the sum of $500.00 per month beginning July 01, 2000, and with like payments of $500.00 per month being due and payable on or before the 1st day of each month thereafter until the sum of $55,000.00, together with interest thereon at the rate of 12% per annum has been fully paid and discharged. Each payment of arrearage of child support shall be paid by cash, cashier's check or money order to the Office of the Clerk of this Court who shall thereafter promptly remit the same to [K.L.] as retroactive child support. Each payment shall be paid by cash, cashier's check or money order, be payable directly to [K.L.], and shall list Cause No. 624–95 thereon for proper credit.

Findings of Fact and Conclusions of Law entered by the trial court show that the court intended payments on the $55,000 retroactive support award to begin on the first day of the month after G.Z.'s regular child support obligation ends OR on July 1, 2000, whichever is earlier.

### Judgment for Retroactive Support

In his first point of error, G.Z. contends that the court erred in awarding a "judgment for arrearage of child support."

G.Z. relies on *Rocha v. Villarreal*[6] to support this point. In that case, the trial court modified the appellant's child support obligation judgment nineteen months after the appellee filed a motion to modify. The modification was made retroactive to the time of the filing of the motion. The trial court also entered a judgment against the appellant in the amount of $13,300 for the retroactive child support.

The San Antonio court upheld the retroactive modification of the child support.[7] However, the court sustained the appellant's point of error as to the judgment entered, citing Family Code § 14.41(a),[8] which governed unpaid child support. That section provided that a child support payment not timely made shall constitute a final judgment

---

4. *Rocha*, 766 S.W.2d at 899.

5. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987).

6. 766 S.W.2d 895.

7. *Id.* at 899 (see discussion under point of error four).

8. Act of June 18, 1993, 73rd Leg., R.S., ch. 798, § 14, 1993 Tex.Gen.Laws 3174 (repealed 1995) (current version at TEX.FAM.CODE ANN. §§ 157.261, 157.263, 157.264, 158.005, & 158.311 (Vernon 1997 & Supp.1998)).

for the amount due and owing.[9] The statute further provided that:

> [o]n the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render one cumulative judgment against an obligor for all child support unpaid and owing. . . .[10]

The court found that, contrary to the requirements of Section 14.41, no motion had been filed by the appellee seeking a judgment against the appellant, no specific notice was given to the appellant that a judgment was being sought against him, and no hearing was held at which time the appellant could have been afforded an opportunity to present evidence of support paid.[11] Therefore, the judgment of $13,300 was improper.[12]

As stated above, Section 14.41 required that the court confirm the amount of child support in arrears *on the motion of an obligee or obligor, after notice and hearing.* Similar language appears in Section 157.263.[13]

> (a) If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative judgment.[14]

Section 14.41 was repealed April 20, 1995. K.L.'s First Amended Motion to Modify was filed on November 28, 1995. K.L.'s Motion to Modify requested child support "retroactive to the time when the Movant first came into possession of the children pursuant to the Agreed Temporary Orders dated September 14, 1988." The motion included a *general prayer for relief, but did not include a request for a money judgment* against G.Z. Further, because the child support requested was to be set and then made retroactive, there was no "arrearage" upon which a cumulative judgment could be entered under Section 157.263.

G.Z. participated in a hearing on the issue of child support on July 22, 1996. On November 15, 1996, the trial court entered its order, awarding K.L. a "judgment of and from" G.Z. in the amount of $55,000, plus interest, for retroactive child support. The order requires that the award be paid in the future, beginning on the first day of the month after G.Z.'s regular child support obligation ends or on July 1, 2000, whichever is earliest. While the trial court used the word "judgment," this is actually a child support order, not a judgment.[15] A judgment will only arise if G.Z. fails to make payments as required by the order.

Therefore, we sustain G.Z.'s point of error with respect to the awarding of a $55,000 judgment against him.

**Award of Retroactive Support**

In his third point of error, G.Z. contends that the trial court abused its discretion in its award of retroactive support.

G.Z. first argues that he did not receive adequate notice that K.L. sought retroactive support from him. Specific notice is required when retroactive child support is being sought.[16] K.L.'s Motion to Modify, paragraph IX, states:

> Movant requests that the Court order the Respondent to pay child support for the support of the children in an amount mandated by the Texas Legislative Guidelines on child support, retroactive to the time when the Movant first came into possession of the children, pursuant to the Agreed Temporary Orders dated September 14, 1988.

This request provided G.Z. with sufficient notice that retroactive child support was being sought.

---

9. *Id.*

10. *Id.*

11. *Id.*

12. *Id.*

13. Tex.Fam.Code Ann. § 157.263 (Vernon 1996).

14. Tex.Fam.Code Ann. § 157.263(a) (Vernon 1996).

15. The trial court's intent becomes clear from its Findings of Fact and Conclusions of Law. The Findings and Conclusions do not refer to "judgment," but to "retroactive support" which is to be paid in the future.

16. *Grundy v. Grundy,* 589 S.W.2d 776, 778 (Tex. Civ.App.—Dallas 1979, no writ).

G.Z. also argues that the support ordered was retroactive to an improper date. The trial court's Findings of Fact and Conclusions of Law show that the $55,000 award represents child support retroactive to August 26, 1988, the date that K.L. came to have physical possession of the children. As noted earlier, K.L.'s First Amended Motion to Modify was filed November 28, 1995.

K.L. argues that the child support was made retroactive to the time of her *original* request for child support, which was included in her April 29, 1988, Motion for Emergency Temporary Orders. This date, according to K.L., was proper under *Holley v. Holley.*[17] In *Holley,* the mother first sought a child support increase in a cross-motion. More than three years later, she filed an amended motion which included a request for retroactive child support. The Houston court held that her original cross-motion provided sufficient notice that child support for the children was at issue. The original cross-motion and subsequent amended motion were also found to be sufficient to uphold the trial court's award of retroactive child support from the date of the original cross-motion.[18]

The San Antonio Court of Appeals held similarly in *Rocha v. Villarreal.*[19] There, the mother filed a counter-motion agreeing to be reappointed managing conservator and requesting orders for child support. One year later, she amended her counter-motion to include a request that the support be made retroactive. The San Antonio Court of Appeals upheld the trial court order for child support retroactive to the date of the original counter-motion.[20]

K.L. argues that, based on the decisions in *Holley* and *Rocha,* the court's award of support retroactive to August, 1988, was proper.

However, this case is distinguishable from *Holley* and *Rocha* as here there was only a request for *temporary* appointment of managing conservatorship and child support could only be of a temporary nature with this temporary appointment. An Agreed Temporary Order, dated September 14, 1988, specifically stated that "neither party shall pay child support at this time."

Section 156.401(b) of the Family Code[21] empowers a court to retroactively modify support obligations. However, a support order may be modified *only* as to obligations accruing after the earlier of the date of service of citation or an appearance in the suit to modify.[22] An increase in child support may be properly modified retroactive to the date on which the motion to modify is filed.[23] The effective date of the modified order is within the broad discretion of the trial court.[24] The statute provides for modification retroactive to the original request for child support because, without such a provision, "there would be considerable motive on the part of respondents to engage in dilatory tactics."[25]

K.L.'s Motion for Emergency Temporary Orders would not trigger Section 156.401 because it sought only a temporary order to be appointed temporary managing conservator and support during that period. It was not until seven years later that K.L. filed an amending motion seeking permanent custody and child support.

Section 156.401(b) does not provide for the award of retroactive support before the date of service of citation or appearance in the suit to modify in cases where there has been a prior support order.[26] The trial court improperly awarded support retroactive to the time of K.L.'s "original" request for tempo-

**17.** 864 S.W.2d 703.

**18.** *Id.* at 707.

**19.** 766 S.W.2d 895.

**20.** *Id.* at 899.

**21.** Tex.Fam.Code Ann. § 156.401(a), (b) (Vernon 1996).

**22.** Tex.Fam.Code Ann. § 156.401(b)(1), (2) (Vernon 1996).

**23.** *Rocha,* 766 S.W.2d at 898–99; *Holley,* 864 S.W.2d 703, (Tex.App.—Houston [1st Dist.] 1993, writ denied).

**24.** *Black v. Bassett,* 619 S.W.2d 193, 196 (Tex. Civ.App.—Texarkana 1981, no writ).

**25.** *Rocha,* 766 S.W.2d at 898.

**26.** *See* Tex.Fam.Code Ann. § 154.009 (Vernon 1996).

rary orders only. Therefore, the trial court abused its discretion in awarding retroactive support beyond the filing date of K.L.'s Motion to Modify.

We sustain G.Z.'s third point of error as to the amount of retroactive child support ordered back to the date of K.L.'s 1988 *Motion* for Emergency Temporary Orders instead of the date of K.L.'s 1995 Motion to Modify. The proper award for modification was retroactive to the November 1995 Motion to Modify. We find this to be $7,637.50.[27]

**Findings of Fact & Conclusions of Law**

In his second point of error, G.Z. contends that the trial court's judgment for retroactive child support is not supported by any factual evidence as the trial court failed to file findings of fact and conclusions of law. This point is moot, as such findings and conclusions were filed pursuant to this Court's order.

**Tax Exemption**

■ In his fourth point of error, G.Z. argues that the trial court erred in changing the federal income tax dependency exemption from G.Z. to K.L. The trial court's November 15, 1996, Order states that K.L. is "authorized to claim all three children as dependents for purposes of United States income tax beginning with the tax year 1996 and for all subsequent years." In the original divorce decree, signed June 17, 1983, by the Judge of the Clark County, Indiana, Superior Court No. 1, G.Z. received the benefit of claiming the three children as dependent deductions for state and federal income tax purposes.

■ G.Z. argues that the Texas trial court was without authority to modify the dependency tax exemption as federal law established such exemption. Under federal law, a parent who has custody of a child more than one half of the calendar year will be treated as the parent providing over one half of the child's support and, therefore, receives the federal income tax exemption.[28] However, an exception exists in cases of pre–1985 divorce decrees.[29] If a pre–1985 divorce decree provides that the noncustodial parent is entitled to the deduction and that parent provided at least $600 for the support of the child in that year, the exemption belongs to that parent.

■ The question of income tax exemptions is an area which the federal government has preempted and must be decided *according to applicable federal statutes, rules, and regulations.*[30] State courts have no power to interfere in this area.[31]

K.L. does not dispute G.Z.'s position on this point of error. Therefore, we modify that part of the judgment allowing the federal income tax exemption for reasons set forth above to K.L. by striking it from the judgment.

We strike that part of the trial court's judgment which awards a judgment of $55,000 against G.Z. We modify the order awarding $55,000 in future payments for retroactive support to a total of $7,637.50, representing child support from November 1995 to July 1996. As modified, the judgment of the trial court is affirmed.

---

27. This figure is derived from the trial court's Findings of Fact and Conclusions of Law. Monthly support for 1995 was determined to be $975. This figure multiplied by two months (November and December) is $1,950. Support for January 1, 1996 through July 22, 1996, the date of the trial court's hearing on K.L.'s Amended Motion to Modify, was calculated by the trial court to be $5,687.50.

28. 26 U.S.C.A. § 152(e)(1) (West Supp.1995).

29. 26 U.S.C.A. § 152(e)(4) (West Supp.1997).

30. *Ruiz v. Ruiz*, 668 S.W.2d 866, 867 (Tex.App.—San Antonio 1984, no writ).

31. *Id.*