Allan Wayne PETERSON, Appellant,

v.

OFFICE OF THE ATTORNEY
GENERAL, Appellee.

No. 2–98–220–CV.

Court of Appeals of Texas,
Fort Worth.

March 18, 1999.

Michael Gregory, Fort Worth, for Appellant.

John Cornyn, Attorney General of Texas, Andy Taylor, First Assistant Attorney General, Rhonda Amkraut Pressley, Assistant Attorney General, Chief, Appeals and Research Section Child Support Division, John B. Worley, Assistant Attorney General, Austin, for Appellee.

PANEL B: DAUPHINOT, BRIGHAM, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Allan Wayne Peterson appeals from the trial court's 1998 modification of his 1992 divorce decree. In the 1992 decree, Peterson was named sole managing conservator and was awarded custody of his three minor children. His former wife was named possessory conservator, but the decree did not order anyone to pay child support. Over Peterson's objection, the 1998 modification orders him to pay the Attorney General $9,204 as retroactive child support. Because the Family Code does not authorize a trial court to order a sole managing conservator to pay child support when that conservator has not agreed to do so, we will reverse the trial court's judgment and render judgment that the Attorney General take nothing.

## BACKGROUND

Peterson and his wife, Kimberly, were divorced on May 28, 1992. The divorce decree did not order child support:

The Court having considered the circumstances of the parents finds that

[Kimberly] is not obligated to support the children and no support payments are to be made through the court at this time.

Nearly a year later, the children went to live with Kimberly, but the parents did not then ask the court to modify the divorce decree. While the children were living with Kimberly, she applied for and received public assistance from the State of Texas. From July 1993 to May 1997, the state's public assistance payments to her totaled $9,204.

By August 1997, the state wanted to be reimbursed for the $9,204 it had paid. The state assigned its reimbursement claim to the Attorney General who, apparently upon a "dead-beat dad" theory [1], filed a motion to modify the divorce decree to require Peterson to pay child support. Before any hearing on the motion, the Attorney General amended his pleading to ask that the court order retroactive child support payments. The parties submitted to the court master an agreed order naming Peterson and Kimberly joint managing conservators. Peterson agreed in the order to pay future child support in accord with the order's schedule. The court master recommended that the district court accept that arrangement, but deny the Attorney General's request that Peterson be ordered to pay retroactive child support. The Attorney General appealed to the district court asking that the district court judge order Peterson to pay retroactively. The district judge did so after a hearing in which the Attorney General introduced evidence of the state's $9,204 public assistance payments to Kimberly.

## ISSUES

Peterson complains that the evidence is factually insufficient to support the judgment that requires him to pay $9,204 as retroactive child support; that the Attorney General's pleading did not specifically request retroactive child support; and that

the trial court abused its discretion by ordering him to pay it. Because the abuse of discretion issue is dispositive, it is the only one we need address.

## STANDARD OF REVIEW

We will not disturb a trial court's child support order on appeal unless the complaining party shows that the order is a clear abuse of the court's discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Once the trial court determines that the divorced parents have experienced a material and substantial change of circumstances since their divorce, that court has the discretion to alter the amount of child support previously ordered. *See Farish v. Farish*, 921 S.W.2d 538, 541 (Tex.App.—Beaumont 1996, no writ). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding principles. *See Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1 st Dist.] 1993, writ denied). In making this determination, the reviewing court must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *See id.*

## RETROACTIVE SUPPORT

The term "retroactive support" may apply in two different contexts. *See In Interest of J.G.Z., J.N.Z., and J.B.Z.*, 963 S.W.2d 144, 146 (Tex.App.—Texarkana 1998, no pet. h.). The trial court can order *retroactive support* in instances where child support has not been previously ordered. *See* Tex. Fam.Code Ann. § 154.009 (Vernon 1996); *see also, J.G.Z.*, 963 S.W.2d at 147. The trial court can also *retroactively modify* existing child support obligations. *See* Tex. Fam.Code Ann. § 156.401 (Vernon Supp.1996); *see also J.G.Z.*, 963 S.W.2d at 147. The case now on appeal does not fit into either of the two

1. A colloquial term for litigation by the Texas Attorney General to collect money from di-

vorced fathers who have defaulted on the duty to pay court-ordered child support.

situations because the Family Code does not authorize a trial court to order a sole managing conservator to pay child support to a possessory conservator. *See Lueg v. Lueg*, 976 S.W.2d 308, 313 (Tex.App.— Corpus Christi 1998, no pet. h.).

 During the period of time the State paid public assistance to Kimberly, Peterson was the sole managing conservator of the children. Neither the 1992 divorce decree nor the Family Code required him, as sole managing conservator, to pay child support. Peterson had the court-ordered status of sole managing conservator for the entire time the state paid Kimberly public assistance.

### CONCLUSION

The trial court acted arbitrarily without reference to any guiding rules or principles by ordering Peterson to retroactively pay $9,204 in child support for the period of time that he was the sole managing conservator, and by endorsing the Attorney General's theory that he is entitled to confiscate that source of "child support" as reimbursement of the $9,204 the State paid Kimberly as public assistance. We reverse the trial court's judgment and render judgment that the Attorney General take nothing.