NO. 07-00-0479-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 1, 2001



______________________________




IN THE INTEREST OF JACLYN RHEA BROWN AND


JESSICA DAWN BROWN, CHILDREN




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 61,732-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 In one issue, appellant James Curtis Brown (James) challenges a portion of a trial
court order modifying his child support obligations that arose as a result of the divorce
decree terminating the marriage between appellant and appellee Angela Brown (Angela).
In presenting his issue, he asks us to decide if the trial court abused its discretion in
granting a retroactive modification of his child support which included the period from
November 1997 through July 2000. Because the trial court did not abuse its discretion in
that regard, we affirm the judgment of the trial court.

 In order to properly understand James's challenge, it is necessary to recite the
somewhat confusing procedural history of this case. On September 11, 1996, the trial
court entered its decree terminating the parties' marriage. That order provided for child
support payments in the amount of $774 per month for the two minor children born to the
marriage. On October 9, 1996, Angela filed a motion seeking a new trial. That motion was
granted as to the issues of alimony and a $10,000 certificate of deposit. Thereafter, on
October 24, 1997, Angela filed a motion to modify the child support payments specified in
the divorce judgment. Citation on this motion was served on James on November 7, 1997.

 On November 13, 1997, the trial court entered an order purportedly dismissing the
divorce proceeding. However, on November 19, 1997, James filed a response to the
motion to modify. On March 31, 1998, a second motion to modify was executed by Angela,
which was essentially identical to her first motion to modify. Even though the second
motion contains a file mark, Angela states the clerk's office refused to file it and refunded
the filing fee because of the divorce dismissal order. Angela's letter to the district clerk
forwarding an additional amount to cover service apparently was returned and contains
a notation that "[A]s per Vicky (court clerk) stated case is dwop don't do service."

 At some point, James apparently filed a petition seeking a writ of mandamus to
require the trial judge to set aside the November 13, 1997 dismissal. Although that petition
is not in the record, an opinion of the first Court of Appeals dated August 19, 1999,
mandamusing the trial court to set aside its dismissal order because the order was signed
after the trial court's plenary powers had expired does appear in the record. In compliance
with the appeal court's decision, on September 23, 1999, the trial court vacated its
dismissal order.

 The case was transferred from Harris County to Potter County and, on April 3, 2000,
James filed an answer to Angela's March 31, 1998 motion to modify. Subsequently, on
April 19, 2000, he filed a counter petition to modify. On August 16, 2000, the Potter
County Court entered a modification order retroactively increasing the monthly child
support to $1,500. The order also provided Angela should receive the amount of $17,180
representing the amount of the retroactive increase from November 1997 to July 28, 2000. 
It is this order that gives rise to this appeal.

 James argues that from the November 13, 1997 dismissal order until the September
23, 1999 order vacating the dismissal, there was no valid child support order to modify
and, thus, the Potter County Court had no jurisdiction to enter an order requiring
retroactive child support during that period. Thus, he contends, the retroactive modification
"can only be triggered by vacation of the order of dismissal, the date the trial court was
again vested with jurisdiction to modify the underlying child support obligation." 

 James then reasons that "the first motion to modify was abandoned, either
dismissed by the dismissal order or supplanted by the subsequently filed motion." He then
suggests that "the first triggering event that would allow retroactive modification of child
support" was the March 31, 1998 motion. However, because the statute (1) does not permit
retroactive modification until service of citation or appearance, and he did not enter his
appearance until April 3, 2000, the child support obligation could only be retroactive for
the period April 3, 2000 through July 2000. Thus, he posits, the trial court acted arbitrarily
or unreasonably in ordering the retroactive modification for the period November 1997
through April 2000.

 A child support order will not be disturbed on appeal unless it is shown that the
court clearly abused its discretion, i.e., acted arbitrarily or unreasonably, without reference
to any guiding rules and principles. In the Interest of J.G.Z., 963 S.W.2d 144, 146-47
(Tex. App.-Texarkana 1998, no pet.); Farish v. Farish, 921 S.W.2d 538, 541 (Tex.
App.-Beaumont 1996, no writ). As James has argued, a support order may only be
modified as to support obligations accruing after the date of service of the citation on the
modification or the entry of an appearance in the modification proceeding. Tex. Fam.
Code Ann. § 156.401(b) (Vernon Supp. 2001). The purpose of allowing child support to
be modified retroactive to the date of the original request is to remove any motive on the
part of the obligor to engage in delay tactics. In Interest of J.G.Z., 963 S.W.2d at 149.

 It is true that the general rule is that a judgment must be supported by pleadings. 
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). However, if a judgment
has been rendered but is later set aside, the matter stands as if there had been no
judgment, Ferguson v. Naylor, 860 S.W.2d 123, 127 (Tex.App.-Amarillo 1993, writ
denied), and the parties are placed in the position in which they were before rendition of
the judgment. P.V. Intern. Corp. v. Turner, Mason, and Solomon, 700 S.W.2d 21, 22 (Tex.
App.- Dallas 1985, no writ). This rule also applies to a dismissal judgment that has been
set aside. Sawyer v. Donley County Hospital Dist., 513 S.W.2d 106, 109 (Tex.Civ.
App.-Amarillo 1974, no writ).

 As we have noted, the first modification motion was filed on October 24, 1997. The
trial court signed its divorce dismissal order on November 13, 1997, approximately three
weeks later, thereby negating the motion because until the dismissal was set aside, there
was no divorce judgment to modify. Assuming arguendo that the second motion was
actually filed by the district clerk on March 31, 1998, it was still filed before the divorce
action was reinstated and was of no effect at the time. However, when the trial court later
vacated its dismissal order, the status of the parties was as if the dismissal order had
never been entered. Thus, the first motion to modify became effective because there was
once again a valid divorce judgment. Thus, even if the second motion to modify was filed
and could be said to be an amendment or supplement to the first motion, service of citation
is generally only required upon the filing of an original petition or lawsuit and is not
required when amended or supplemental pleadings are filed. See Tex. R. Civ. P. 21 and
99. Therefore, the citation served upon the first motion would be sufficient for the
purposes of section 156.401 of the Family Code and to vest jurisdiction in the trial court
to consider it after the temporary bar of the dismissal was removed. See Cox v. Cox, 609
S.W.2d 888 (Tex.Civ.App.-Houston [14th Dist.] 1980, no writ) (even though three motions
filed, court could order child support increase from date of first motion).

 Because the trial court did not abuse its discretion in entering its modification,
James's issue does not reveal reversible error and is overruled. The judgment of the trial
court is affirmed. 

 John T. Boyd

 Chief Justice


Do not publish.

1. Tex. Fam. Code. Ann. § 156.401(b) (Vernon Supp. 2001).