NO. 07-00-0479-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2001

_____


IN THE INTEREST OF JACLYN RHEA BROWN AND
JESSICA DAWN BROWN, CHILDREN


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,732-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

In one issue, appellant James Curtis Brown (James) challenges a portion of a trial court order modifying his child support obligations that arose as a result of the divorce decree terminating the marriage between appellant and appellee Angela Brown (Angela). In presenting his issue, he asks us to decide if the trial court abused its discretion in granting a retroactive modification of his child support which included the period from November 1997 through July 2000. Because the trial court did not abuse its discretion in that regard, we affirm the judgment of the trial court.

In order to properly understand James's challenge, it is necessary to recite the somewhat confusing procedural history of this case. On September 11, 1996, the trial court entered its decree terminating the parties' marriage. That order provided for child support payments in the amount of $774 per month for the two minor children born to the marriage. On October 9, 1996, Angela filed a motion seeking a new trial. That motion was granted as to the issues of alimony and a $10,000 certificate of deposit. Thereafter, on October 24, 1997, Angela filed a motion to modify the child support payments specified in the divorce judgment. Citation on this motion was served on James on November 7, 1997.

On November 13, 1997, the trial court entered an order purportedly dismissing the divorce proceeding. However, on November 19, 1997, James filed a response to the motion to modify. On March 31, 1998, a second motion to modify was executed by Angela, which was essentially identical to her first motion to modify. Even though the second motion contains a file mark, Angela states the clerk's office refused to file it and refunded the filing fee because of the divorce dismissal order. Angela's letter to the district clerk forwarding an additional amount to cover service apparently was returned and contains a notation that "[A]s per Vicky (court clerk) stated case is dwop don't do service."

At some point, James apparently filed a petition seeking a writ of mandamus to require the trial judge to set aside the November 13, 1997 dismissal. Although that petition is not in the record, an opinion of the first Court of Appeals dated August 19, 1999, mandamusing the trial court to set aside its dismissal order because the order was signed

after the trial court's plenary powers had expired does appear in the record. In compliance with the appeal court's decision, on September 23, 1999, the trial court vacated its dismissal order.

The case was transferred from Harris County to Potter County and, on April 3, 2000, James filed an answer to Angela's March 31, 1998 motion to modify. Subsequently, on April 19, 2000, he filed a counter petition to modify. On August 16, 2000, the Potter County Court entered a modification order retroactively increasing the monthly child support to $1,500. The order also provided Angela should receive the amount of $17,180 representing the amount of the retroactive increase from November 1997 to July 28, 2000. It is this order that gives rise to this appeal.

James argues that from the November 13, 1997 dismissal order until the September 23, 1999 order vacating the dismissal, there was no valid child support order to modify and, thus, the Potter County Court had no jurisdiction to enter an order requiring retroactive child support during that period. Thus, he contends, the retroactive modification "can only be triggered by vacation of the order of dismissal, the date the trial court was again vested with jurisdiction to modify the underlying child support obligation."

James then reasons that "the first motion to modify was abandoned, either dismissed by the dismissal order or supplanted by the subsequently filed motion." He then suggests that "the first triggering event that would allow retroactive modification of child

3

support" was the March 31, 1998 motion. However, because the statute[1] does not permit retroactive modification until service of citation or appearance, and he did not enter his appearance until April 3, 2000, the child support obligation could only be retroactive for the period April 3, 2000 through July 2000. Thus, he posits, the trial court acted arbitrarily or unreasonably in ordering the retroactive modification for the period November 1997 through April 2000.

A child support order will not be disturbed on appeal unless it is shown that the court clearly abused its discretion, *i.e.*, acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *In the Interest of J.G.Z.*, 963 S.W.2d 144, 146-47 (Tex. App.–Texarkana 1998, no pet.); *Farish v. Farish*, 921 S.W.2d 538, 541 (Tex. App.–Beaumont 1996, no writ). As James has argued, a support order may only be modified as to support obligations accruing after the date of service of the citation on the modification or the entry of an appearance in the modification proceeding. Tex. Fam. Code Ann. § 156.401(b) (Vernon Supp. 2001). The purpose of allowing child support to be modified retroactive to the date of the original request is to remove any motive on the part of the obligor to engage in delay tactics. *In Interest of J.G.Z.*, 963 S.W.2d at 149.

It is true that the general rule is that a judgment must be supported by pleadings. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). However, if a judgment has been rendered but is later set aside, the matter stands as if there had been no

---

[1]Tex. Fam. Code. Ann. § 156.401(b) (Vernon Supp. 2001).

judgment, *Ferguson v. Naylor*, 860 S.W.2d 123, 127 (Tex.App.–Amarillo 1993, writ denied), and the parties are placed in the position in which they were before rendition of the judgment. *P.V. Intern. Corp. v. Turner*, *Mason, and Solomon*, 700 S.W.2d 21, 22 (Tex. App.– Dallas 1985, no writ). This rule also applies to a dismissal judgment that has been set aside. *Sawyer v. Donley County Hospital Dist.*, 513 S.W.2d 106, 109 (Tex.Civ. App.–Amarillo 1974, no writ).

As we have noted, the first modification motion was filed on October 24, 1997. The trial court signed its divorce dismissal order on November 13, 1997, approximately three weeks later, thereby negating the motion because until the dismissal was set aside, there was no divorce judgment to modify. Assuming arguendo that the second motion was actually filed by the district clerk on March 31, 1998, it was still filed before the divorce action was reinstated and was of no effect at the time. However, when the trial court later vacated its dismissal order, the status of the parties was as if the dismissal order had never been entered. Thus, the first motion to modify became effective because there was once again a valid divorce judgment. Thus, even if the second motion to modify was filed and could be said to be an amendment or supplement to the first motion, service of citation is generally only required upon the filing of an original petition or lawsuit and is not required when amended or supplemental pleadings are filed. *See* Tex. R. Civ. P. 21 and 99. Therefore, the citation served upon the first motion would be sufficient for the purposes of section 156.401 of the Family Code and to vest jurisdiction in the trial court to consider it after the temporary bar of the dismissal was removed. *See Cox v. Cox,* 609

5

S.W.2d 888 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ) (even though three motions filed, court could order child support increase from date of first motion).

Because the trial court did not abuse its discretion in entering its modification, James's issue does not reveal reversible error and is overruled. The judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.