In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00046-CV
______________________________


Â 
Â 
IN THE INTEREST OF
DANIEL R. NAYLOR, II, AND
TANNA R. NAYLOR, CHILDREN
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV 33381


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â On February 1, 2002, Richard R. Naylor moved to modify his child support decree. 
On January 9, 2004, the trial court signed an order reducing Naylor's monthly child support
obligation and applied the modification retroactively to February 1, 2003. Naylor appeals
from this order, contending the new order should have retroactively dated back to the date
of the service of citation. He also contends the new order violates public policy of this
State. Naylor further contends the trial court erred in refusing to implement an "agreement"
concerning support arrived at between the parties. Finally, he complains of the trial court's
failure to award him attorney's fees. We affirm the trial court's judgment.
Â Â Â Â Â Â Â Â Â Â Naylor's initial child support obligation was established by an Oklahoma divorce
decree in 1996. In 2000, the office of the Attorney General of Texas filed a notice of
registration of this order to pay child support and a motion to enforce. Naylor contested
the Attorney General's motion. A hearing was held, and the trial court then signed an
orderâagreed to by both Naylor and Donna Gail Hamlin, the children's motherâsetting
Naylor's child support at $610.00 per month. It is this order that Naylor then petitioned to
modify in February 2002. He contendsâand it is not disputedâthat this petition was
served on Hamlin February 7, 2002. Following this service of citation, Naylor made offers
of settlement, which were all ultimately rejected. On January 31, 2003, the Attorney
General's office informed Naylor in writing that no settlement offer would be accepted and
that the matter should be set for hearing. The hearing was held September 12, 2003. On
January 9, 2004, the trial court signed an "Order on Motion to Modify Support in Suit
Affecting the Parent Child Relationship" that reduced the amount of monthly support and
made the effective date for the modification February 1, 2003.
Â Â Â Â Â Â Â Â Â Â In his first point of error, Naylor contends the trial court erred in not retroactively
applying the modification back to the time the petition was served. Section 156.401(b) of
the Family Code empowers a court to retroactively modify support obligations. Tex. Fam.
Code Ann. Â§ 156.401(b) (Vernon Supp. 2004â2005); In re J.G.Z., 963 S.W.2d 144, 149
(Tex. App.âTexarkana 1998, no pet.). However, a support order may be modified only
as to obligations accruing after the earlier of the date of service of citation or an
appearance in the suit to modify. Tex. Fam. Code Ann. Â§ 156.401(b); J.G.Z., 963 S.W.2d
at 149. 
Â Â Â Â Â Â Â Â Â Â The effective date of the modified order is within the broad discretion of the trial
court. J.G.Z., 963 S.W.2d at 149. In determining whether the trial court erred in awarding
retroactive child support, the applicable standard is abuse of discretion. Id. at 146. The
test under the abuse of discretion standard is whether the court acted arbitrarily or
unreasonably, without reference to any guiding rules and principles. Id. at 146â47. 
Â Â Â Â Â Â Â Â Â Â In this case, no findings of fact or conclusions of law were requested or filed. It is
therefore implied the trial court made all the findings necessary to support its judgment. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). In determining whether some
evidence supports the judgment and the implied findings of fact, "it is proper to consider
only that evidence most favorable to the issue and to disregard entirely that which is
opposed to it or contradictory in its nature." Id. The judgment must be affirmed if it can be
upheld on any legal theory that finds support in the evidence. Id. 
Â Â Â Â Â Â Â Â Â Â Naylor filed the petition to modify child support in February 2002, but a hearing on
his petition was not held until September 2003. The Attorney General's office contends
that the trial court's action was justified because Naylor caused this delay. However, we
have not been directed to any place in the record showing the reason for the delay. 
Petitions such as the one at issue may be set for a hearing at the request of either party
or on the trial court's own initiative. Based on this record, we are unable to attribute the
delay in this case solely to Naylor. 
Â Â Â Â Â Â Â Â Â Â Nonetheless, a trial court has broad discretion under the Family Code to set the
effective date of the modified order any time after the earlier of the date of service of
citation or an appearance by the respondent. In the instant case, the trial court had the
broad range of from February 7, 2002, when there was service of citation, to
SeptemberÂ 12, 2003, the date of the hearing, to apply the modification retroactively. 
Setting the effective date of the modification back to February 1, 2003, was within the
discretionary range provided by statute. Hence, the trial court did not abuse its discretion
by acting arbitrarily or unreasonably, but rather, the court acted within the range provided
by the Family Code.Â 
Â Â Â Â Â Â Â Â Â Â The trial court had discretion to either deny, grant, or permit partial relief sought. 
The court therefore did not err in setting the modification date later than the date the
petition was served. Naylor's first point of error is overruled.
Â Â Â Â Â Â Â Â Â Â In the second point of error, Naylor contends the modification order violates public
policy by penalizing efforts to obtain amicable and nonjudicial settlements. Naylor argues
he made many efforts to resolve the matter by nonjudicial agreement, but the respondent
continued to refuse to sign the agreement. This penalizes the party who made the effort
to comply with state policy to enter into an out-of-court settlement. 
Â Â Â Â Â Â Â Â Â Â The settlement offers claimed to have been extended by Naylor, however, are not
part of the record; thus, this Court does not have authority to consider them. Phillips
Petroleum Co. v. Welch, 702 S.W.2d 672, 675 (Tex. App.âHouston [14th Dist.] 1985, writ
ref'd n.r.e.) (appellate court has no authority to consider matter outside record). Naylor's
second point of error is overruled.
Â Â Â Â Â Â Â Â Â Â In his third point of error, Naylor contends the trial court erred in refusing to
implement an alleged child support modification agreement. The alleged agreement was
submitted neither as evidence during the hearing nor through a bill of exception. The
alleged agreement therefore is not part of the record. This Court is without authority to
review matters outside the record. Id. Naylor's third point of error is overruled. 
Â 
Â Â Â Â Â Â Â Â Â Â Naylor contends in his last point of error the trial court erred in not awarding him
attorney's fees. A party may complain on appeal only when it sought relief from the trial
court and the trial court either denied the relief or refused to rule over the party's objection. 
Tex. R. App. P. 33.1(a). At the trial court level, Naylor sought a modification of the prior
child support order filed November 14, 2000, and "such other and further relief to which the
Petitioner may be justly entitled." Naylor did not expressly request attorney's fees at the
trial court level. An appellate court cannot award additional relief not sought at the trial
court level. 
Â Â Â Â Â Â Â Â Â Â Moreover, under the Family Code, at the conclusion of a Title IV-D case, the trial
court may not assess attorney's fees against the Title IV-D agency. See Tex. Fam. Code
Ann. Â§ 231.211(a) (Vernon 2002). "The office of the attorney general is designated as the
state's Title IV-D agency." Tex. Fam. Code Ann. Â§ 231.001 (Vernon 2002). Here, the
Attorney General's office is providing a service to the respondent, who is a custodial
parent. Therefore, Naylor is not entitled to attorney's fees from the Attorney General's
office. Naylor's fourth point of error is overruled. 
Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment. Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â February 17, 2005
Date Decided:Â Â Â Â Â Â Â Â Â March 29, 2005



="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00142-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RANDOLF SAMUEL FRANKLIN, II,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 264th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bell County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 67603

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Randolf
Samuel Franklin, II,[1]
appeals from his conviction on a charge of burglary of a habitation, resulting
in a twenty-year sentence of imprisonment. Â In a companion case, Franklin also appealed
from a conviction for theft from a person.Â 
He has filed a single brief, in which he raises an issue common to both
of his appeals.Â  Franklin argues that the
trial court erred in refusing to allow his court-appointed attorney to withdraw
on the day of trial, rendering his plea involuntary.

Â Â Â Â Â Â Â Â Â Â Â  We addressed
this issue in detail in our opinion of this date on FranklinÂs appeal in cause
number 06-11-00141-CR.Â  For the reasons
stated therein, we likewise conclude that error has not been shown in this
case.

Â Â Â Â Â Â Â Â Â Â Â  We affirm the
trial courtÂs judgment.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
1, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November
15, 2011

Â 

Do Not Publish











[1]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.Â  See Tex.
GovÂt Code Ann. Â§ 73.001 (West 2005).Â 
We are unaware of any conflict between precedent of the Third Court of
Appeals and that of this Court on any relevant issue.Â  See
Tex. R. App. P. 41.3.

Â