In the Interest of H.S.N.,
A Minor Child.

No. 13–01–00208–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 2002.

Leonard E. Peters, Columbus, for Appellant.

Rhonda E. Winstead, Appellee Pro Se.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from the trial court's judgment in a suit to modify the parent-child relationship. In three points of error, appellant, Dustin Wayne Noska, contends the trial court erred by: (1) awarding attorney's fees to appellee, Rhonda Elaine Winstead, (2) changing the existing possession order to a standard possession order, and (3) increasing the child support retroactively. We affirm.

### A. BACKGROUND

In 1994, Winstead and Noska were divorced in the 25th District Court of Colorado County, Texas. Winstead was named managing conservator of their minor child, H.S.N. Noska was named possessory conservator of H.S.N. and was ordered to pay child support. Although the record does not specifically set forth the amount of child support Noska was ordered to pay when the parties were first divorced, references are made that it was set at $185.00

per month, and the record establishes that in October 1996, Noska was ordered to pay $185.00 per month.

On June 16, 2000, Winstead filed a "Motion to Transfer" and "Petition to Modify the Parent–Child Relationship" in the 25th District Court. In the motion to transfer, Winstead asserted that H.S.N.'s principal residence was in Bee County, Texas, and that Bee County had been the child's principal residence during the six-month period preceding the filing of the motion and petition. On August 18, 2000, the judge of the 25th District Court granted Winstead's motion to transfer and ordered the case transferred to Bee County.

On December 21, 2000, Winstead also filed a "Motion for Enforcement of Child Support" in the 156th District Court of Bee County, asserting that Noska had not paid his child support. Noska was ordered to appear.

On December 22, 2000, the trial court heard the petition to modify and signed an order modifying the prior order. The court ordered that Noska have standard possession of the child, and that the child support be increased to $263.60 per month, retroactive to July 1, 2000. The trial court also awarded attorney's fees in the amount of $950.00, which the court found "were incurred in relation to the child and are in the nature of child support."

### B. STANDARD POSSESSION ORDER

■ In his second point of error, Noska complains the trial court erred in changing the existing possession order to a standard possession order. Noska contends there is no probative evidence to support changing the existing possession order.[1]

■ The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child. TEX. FAM.CODE ANN. § 153.002 (Vernon 1996). Trial courts have wide discretion in determining what is in the best interest of the child. *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ). The trial court's judgment regarding what serves the best interest of the child with regard to child support and visitation, specifically the establishment of terms and conditions of the conservatorship, is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied). This is because the trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot be discerned by merely reading the record. *In the Interest of T___*, 715 S.W.2d 416, 418 (Tex.App.—Dallas 1986, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d

1. Noska contends the trial court erred in changing the existing possession order because there is no evidence or, alternatively, factually insufficient evidence to support the trial court's modification. Noska argues the wrong standard of appellate review in appealing a trial court's decision to modify a possession order. The correct standard is an abuse of discretion standard. Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *See D.R. v. J.A.R.*, 894 S.W.2d 91 (Tex.App.—Fort Worth 1995, no writ); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ).

108, 109 (Tex.1990). "In a suit, there is a rebuttable presumption that [a] standard possession order provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and is in the best interest of the child." TEX. FAM.CODE ANN. § 153.252 (Vernon 1996).

Former section 156.301 of the Texas Family Code provided:

The court may modify an order that sets the terms and conditions for possession of or access to a child or that prescribes the relative rights, privileges, duties, and powers of conservators if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the rendition of the order;

(2) the order has become unworkable or inappropriate under existing circumstances;

(3) the notice of the change of the conservator's residence required by Chapter 105 was not given or there was a change in a conservator's residence to a place outside the state;

(4) a conservator has repeatedly failed to give notice of an inability to exercise possessory rights; or

(5) a conservator of the child has had a significant history of alcohol or drug abuse since the date of the rendition of the order.

Act of June 19, 1999, 76th Leg., R.S., ch. 1390, § 17(a), 1999 Tex. Sess. Law Serv. 4700 (Vernon), *repealed by* Act of June 16, 2001, 77th Leg., R.S., ch. 1289, § 12(2), 2001 Tex. Sess. Law Serv. 2948 (Vernon).[2]

During the December 22nd hearing, Winstead testified:

Attorney: And you are also asking the Court, as part of this, to modify the visitation to a standard possession order; is that correct?

Winstead: Yes.

Attorney: There is a little confusion over who lived where and what the transportation and who was required and so you've asked the Court just to make it a standard possession order.

Winstead: Yes.

\* \* \* \* \* \*

Attorney: I prepared two certificates of last known address, Your Honor. We had an address in Katy, Texas. We know that is not good.

The Court: You know that's no good.

Attorney: Right. We know he works for the police department. That's where he's served. So I felt that it ought to be the police department that we send the notice to.

The Court: Certainly.

■ The residences of the parties had changed since the rendition of the original order. Winstead and H.S.N. moved from Colorado County to Bee County. Noska apparently still lived in Colorado County, but his exact address was unknown. A review of the evidence establishes that Noska had not provided written notice to Winstead of the change in his residence address. *See* TEX. FAM.CODE ANN. § 105.007 (Vernon 1996). Therefore, we conclude the trial court did not abuse its discretion in changing the existing possession order to a standard possession order. Noska's second point of error is overruled.

---

**2.** The repeal of section 156.301 took effect September 1, 2001, and applied to any action to modify an order in a suit affecting the parent-child relationship pending on that date or filed on or after that date. Act of June 16, 2001, 77th Leg., R.S., ch. 1289, § 13, 2001 Tex. Sess. Law Serv. 2948 (Vernon).

### C. RETROACTIVE CHILD SUPPORT

In his third point of error, Noska contends the trial court erred in awarding retroactive child support. He asserts there is no probative evidence to support the retroactive increase in his child support obligation.

▪ We review a trial court's order on child support under an abuse of discretion standard. *In re M.W.T.*, 12 S.W.3d 598, 602 (Tex.App.—San Antonio 2000, pet. denied); *In the Interest of Valadez*, 980 S.W.2d 910, 913 (Tex.App.—Corpus Christi 1998, no pet.); *see Worford*, 801 S.W.2d at 109. We will not reverse the trial court's judgment absent an abuse of discretion. *In the Interest of J.H.*, 961 S.W.2d 550, 551 (Tex.App.—San Antonio 1997, no pet.). The trial judge has wide discretion in determining the amount of retroactive child support, if any, to be ordered. *See* TEX. FAM.CODE ANN. § 154.131 (Vernon Supp.2002); *Valadez*, 980 S.W.2d at 914; *In the Interest of J.G.Z.*, 963 S.W.2d 144, 146–47 (Tex.App.—Texarkana 1998, no pet.). Once the trial court determines that divorced parents have experienced a material and substantial change of circumstances since the divorce, that court has the discretion to alter the amount of child support previously ordered. *See Farish v. Farish*, 921 S.W.2d 538, 541 (Tex.App.—Beaumont 1996, no writ). A support order may only be modified as to support obligations accruing after the date of service of the citation on the modification or the entry of an appearance in the modification proceeding. TEX. FAM.CODE ANN. § 156.401(b) (Vernon Supp.2002). The purpose of allowing child support to be modified retroactive to the date of the original request is to remove any motive on the part of the obligor to engage in delay tactics. *In the Interest of J.G.Z.*, 963 S.W.2d at 149.

Section 156.401 of the Texas Family Code provides, in relevant part, as follows:

(a) Except as provided by Subsection (b), the court may modify an order that provides for the support of a child if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition; or

(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

TEX. FAM.CODE ANN. § 156.401(a) (Vernon Supp.2002).

At the hearing on the petition to modify, at which Noska did not appear, Winstead testified that as a police officer for the City of Columbus, Noska's starting salary was $22,000.00. Winstead also testified:

Attorney: I believe you and I have made a calculation based on the percentages in the attorney general's chart, the appropriate child support for twenty-two thousand dollars a year and for one child is three hundred and one dollars and twenty-five cents per month.

Winstead: Correct.

Attorney: Is that what you're asking the Court to increase the child support to?

Winstead: Yes.

Attorney: At present the child support is one hundred and eighty-five dollars a month; is that correct?

Winstead: Yes; it is.

Attorney: That's been the amount that it's been for quite some time.

Winstead: Correct; since she was born.

Attorney: You are asking the Court to make that increase retroactive to July first of [2000]; is that correct?

Winstead: Yes.

\*       \*       \*       \*       \*       \*

Court: Your ex-husband has not remarried and fathered any other children; has he?

Winstead: Yes; he has remarried.

Court: Does he have any children?

Winstead: He has one son.

Court: That he is ordered to pay child support for or that lives with him?

Winstead: No; he is currently married and they live together.

Court: And they have a child.

Winstead: Correct.

Attorney: We need to recompute the percentage.

Court: Yes. I will authorize a modification of the child support but I'm going to set it at, what, seventeen point five as opposed to twenty percent?

Attorney: I believe that is correct, Your Honor.

The trial court ordered Noska to pay child support in the amount of $263.60 per month, beginning January 1, 2001. It further ordered retroactive support as follows:

The court finds that the increase in child support should be made retroactive to July 1, 2000, and that the difference between the amount of child support that was due under the previous order on July 1, 2000, is the additional sum of $78.60 per month for the month's [sic] of July, August, September, October, November, and December 2000, for a total of $471.60 in retroactive additional sup-

port above the previously ordered support of $185.00 per month.

IT IS ORDERED that Dustin Wayne Noska is obligated to pay and shall pay to Rhonda E. Winstead as payment of retroactive child support, in addition to the regular monthly support, the sum of $78.60 per month, with the first payment due January 1, 2001, and a like payment due and payable on the 1st day of each month thereafter until June 30, 2001.

■ The December 22nd hearing established that it had been three years since the last modification of the order and that the existing amount of child support of $185.00 differed by more than twenty percent from the amount to be awarded in accordance with the child support guidelines.[3] *See* TEX. FAM.CODE ANN. § 156.401(a) (Vernon Supp.2002); TEX. FAM.CODE ANN. § 154.129 (Vernon 1996) (since there was one child before the court, H.S.N., and Noska had the duty to support his son by his current marriage, the guidelines establish that the court may apply 17.50% to Noska's net resources). Thus, the trial court did not abuse its discretion in modifying the child support order. Furthermore, the trial court was within its discretion to retroactively modify the award to the date on which the motion to modify was filed. *See In the Interest of J.G.Z.*, 963 S.W.2d at 149. Noska's third point of error is overruled.

### D.   ATTORNEY'S FEES

In his first point of error, Noska complains the trial court erred in awarding Winstead her attorney's fees. Noska contends that attorney's fees for the motion to transfer were not segregated from attorney's fees for the motion to modify parent-child relationship, and the trial court's

---

**3.**   The original order awarded $185.00 in child support, and the court modified the award to $263.60.

award of attorney's fees for the motion to transfer was error.

A trial court may order a party to pay reasonable attorney's fees and costs in a suit affecting the parent-child relationship. TEX. FAM.CODE ANN. § 106.002 (Vernon Supp.2002); *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex.1996) (holding award of attorney's fees in suit affecting the parent-child relationship is within the trial court's discretion). We review the trial court's award of attorney's fees under an abuse of discretion standard. *Tropoli v. Markantonis*, 740 S.W.2d 563, 565 (Tex. App.—Houston [1st Dist.] 1987, no writ) (citing *Pharo v. Trice*, 711 S.W.2d 282, 284 (Tex.App.—Dallas 1986, no writ)).

At the December 22nd hearing, Winstead's attorney testified:

> .... I am familiar with the fees charged for this type of service. Most of my practice, about half of it is in family law. I believe that a reasonable and necessary fee for the services performed here to do this motion to modify, to appear for this hearing and including the motion to transfer the case from Colorado County to this county is the sum of nine hundred and fifty dollars. We request those attorney's fees.

In the trial court's Order in Suit to Modify Parent–Child Relationship, Noska was ordered to pay $950.00 for the attorney's fees incurred by Winstead. The court found that the fees were "incurred in relation to the child and are in the nature of child support."

Section 155.201 (b) of the Texas Family Code provides:

> (b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM.CODE ANN. § 155.201(b) (Vernon Supp.2002). This transfer proceeding is mandatory. Once Winstead provided evidence that H.S.N. had resided in Bee County for six months or longer, the 25th District Court of Colorado County was required to transfer the suit to Bee County.

The trial court heard evidence that attorney's fees of $950.00 were reasonable and necessary for the work that was done by Winstead's attorney on the motion to transfer and the motion to modify. Accordingly, we conclude the trial court did not abuse its discretion in awarding Winstead attorney's fees in the amount of $950.00. Noska's first point of error is overruled.

The judgment of the trial court is affirmed.