NUMBER 13-03-508-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




DAVID GENE SMITH,                                                        Appellant,

v.

JOANN SMITH,                                                                 Appellee.
 



On appeal from the 107th District Court
of Cameron County, Texas.



 
MEMORANDUM OPINION

Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Castillo
 
         This is an appeal from a judgment granting a divorce between appellant David
Gene Smith and appellee Jo Ann Smith and ordering child support for their minor child. 
By six issues, Mr. Smith asserts: (1) the trial court lacks jurisdiction; (2) Mrs. Smith's
history of family violence negates appointment of Mrs. Smith as sole managing
conservator of the child; (3) the child support amount ordered is unjust; (4) the
separate property division is unjust; (5) the community debts are assignable to Mrs.
Smith; and (6) he was denied appointment of counsel and the opportunity to attend
the final hearing. We affirm.
I. Relevant FactsOn April 1, 2003, Mrs. Smith filed an original petition seeking dissolution of her
marriage to Mr. Smith and division of the community estate. In the petition, Mrs.
Smith identified the parties' minor child and requested conservatorship of and support
for the child.


 See Tex. Fam. Code Ann. § 6.406 (a)-(b) (Vernon 1998); see also Tex.
Fam. Code Ann. § 101.032(a) (Vernon 2002). Mrs. Smith also alleged that she had
been a domiciliary of the state of Texas for the preceding six-month period and a
resident of Cameron County for the preceding ninety-day period. Tex. Fam. Code Ann.
§ 6.301(1) (Vernon 1998). Mr. Smith filed an original answer. In the answer, Mr.
Smith included a request for appointment of an attorney ad litem to represent him and
for issuance of a bench warrant to allow him to appear at the final hearing and present
evidence because he was in prison.


 
         The final hearing convened on August 1, 2003. Mr. Smith was not present. 
The trial court asked if Mr. Smith was properly served.


 Mrs. Smith's counsel said
yes, and the hearing proceeded. Mrs. Smith testified and requested dissolution of the
marriage, division of the community estate, and sole managing conservatorship of the
minor child. The trial court took judicial notice of its file. It signed a post-answer
default decree of divorce that dissolved the parties' marriage, named Mrs. Smith as
sole managing conservator of the child and Mr. Smith as possessory conservator, and
ordered Mr. Smith to pay monthly child support in the amount of $142.38 beginning
September 1, 2003. 
II. Jurisdiction
         In his first issue, Mr. Smith argues that Mrs. Smith was not a resident of
Cameron County for the ninety days preceding filing the petition. He also argues that
Mrs. Smith sought child support in another court in cause number 2002-02-486-A,
when Mrs. Smith, using her maiden name, resided in Cameron County. Mrs. Smith
responds that the issue of residency is a fact issue to be determined by the trial court
and it should not be disturbed on appeal absent a clear abuse of discretion, citing
Vinson v. Vinson, 340 S.W.2d 562, 563 (Tex. Civ. App.–Waco 1961, no writ). 
         The live pleading alleges residency. Mrs. Smith testified as to residency. The
trial court found that she was a resident. The judgment reflects she met residency
requirements. 
         Every reasonable presumption will be indulged to sustain a judgment and
nothing will be presumed against it; all prior requisites to the rendition of a judgment
will be presumed to have been fulfilled and the recitals in a judgment will be presumed
to state the truth. Miller v. Hood, 536 S.W.2d 278, 285 (Tex. Civ. App.–Corpus
Christi 1976, writ ref'd. n.r.e.). Absent direct proof to the contrary, recitations in a
judgment are presumed true and control the rest of the record. Allen v. Bolton, 416
S.W.2d 906, 911 (Tex. Civ. App.–Corpus Christi 1967, no writ). 
         Because Mrs. Smith pleaded and testified to residency and the judgment is
presumptively correct, we conclude the trial court had jurisdiction. Miller, 536 S.W.2d
at 285; Allen, 416 S.W.2d at 911. We overrule the first issue presented.
III. Conservatorship
         In his second issue, Mr. Smith argues that the best interest of the child negates
appointment of Mrs. Smith as sole managing conservator because of her history of
family violence. Mrs. Smith counters that the trial court did not abuse its discretion
in granting her sole conservatorship.
A. The Law
         In a suit, the court may appoint a sole managing conservator or may appoint
joint managing conservators. Tex. Fam. Code Ann. § 153.005 (a) (Vernon 2002). A
managing conservator must be a parent, a competent adult, an authorized agency, or
a licensed child-placing agency. Tex. Fam. Code Ann. § 153.005 (b) (Vernon 2002). 
The best interest of the child shall always be the primary consideration of the court in
determining the issues of conservatorship and possession of and access to the child. 
Tex. Fam. Code Ann. § 153.002 (Vernon 2002). In determining whether to appoint
a party as a sole or joint managing conservator, the court shall consider evidence of
the intentional use of abusive physical force by a party against the party's spouse, a
parent of the child, or any person younger than eighteen years of age, committed
within a two-year period preceding the filing of the suit or during the pendency of the
suit. Tex. Fam. Code Ann. § 153.004 (Vernon 2002). Subject to the prohibition in
section 153.004, unless the court finds that appointment of the parent or parents
would not be in the best interest of the child because it would significantly impair the
child's physical health or emotional development, a parent shall be appointed sole
managing conservator or both parents shall be appointed as joint managing
conservators of the child. Tex. Fam. Code Ann. § 153.131(a) (Vernon 2002). It is a
rebuttable presumption that the appointment of the parents of a child as joint
managing conservators is in the best interest of the child. Tex. Fam. Code Ann. §
153.131(b) (Vernon 2002). A finding of a history of family violence involving the
parents of a child removes the presumption under this subsection. Id. 
         Trial courts have wide discretion in determining what is in the best interest of
the child. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); In re H.S.N., 69
S.W.3d 829, 831 (Tex. App.–Corpus Christi 2002, no pet.). The trial court's
judgment regarding what serves the best interest of the child with respect to child
support and visitation, specifically the establishment of terms and conditions of the
conservatorship, is a discretionary function of the trial court which will only be
reversed upon a determination that the trial court has abused its discretion. In re
H.S.N., 69 S.W.3d at 831. This is because the trial court is in the best position to
observe the demeanor and personalities of the witnesses and can feel forces, powers,
and influences that cannot be discerned by merely reading the record. Id. The test for
abuse of discretion is whether the trial court acted without reference to any guiding
rules or principles, that is whether it acted arbitrarily or unreasonably. Id. "In a suit,
there is a rebuttable presumption that [a] standard possession order . . . (1) provides
reasonable minimum possession of a child for a parent named as a possessory
conservator or joint managing conservator; and (2) is in the best interest of the child." 
Tex. Fam. Code Ann. § 153.252 (Vernon 2002).



B. The Record
         Mrs. Smith testified that Mr. Smith was in prison for assault with a deadly
weapon. She testified he made threats through the parties' minor child to her and
corresponded with her from prison. The following ensued:
[Counsel]: During your marriage to David Smith, did he physically abuse
you?
 
Mrs. Smith: Yes.
 
[Counsel]: Has he burned you?
 
Mrs. Smith: Yes.
 
[Counsel]: Your Honor, she has several scars on her body. Should we
prove those up to the court requesting her testimony?
 
The Court: The Court will accept her word on it. Are you asking these
questions in order to request a permanent injunction?
 
[Counsel]: We're requesting that she be designated as sole managing
conservator of the child.
 
The Court: Plus the permanent injunction, a protective order?
 
[Counsel]: At this time, no.
 
The Court: Okay. All right. Then your request will be granted. No
visitation will be granted until further orders from the court.
Mrs. Smith's counsel further asked, "And because of the recent threats
made to you, the history of family violence in your marriage, you're
asking the court to appoint you the sole managing conservator of your
daughter, correct?" Mrs. Smith responded, "Yes." The trial court ruled,
"[B]ased on the evidence . . . presented so far . . . for now no visitation
will be granted" to Mr. Smith.C. Discussion
         The trial court was in the best position to observe the demeanor and personality
of Mrs. Smith, the sole witness to testify. The trial court took judicial notice of the
record before it. The evidence showed Mr. Smith physically abused Mrs. Smith and,
through their minor child, threatened her. The trial court ruled based on the evidence
before it. We conclude that the trial court's decision to grant sole managing
conservatorship to Mrs. Smith was not without reference to any guiding rules or
principles and was not arbitrary or unreasonable. On this record, we cannot conclude
that the appointment was not in the best interest of the child. See Tex. Fam. Code
Ann. § § 153.002 (Vernon 2002), 153.004 (Vernon Supp. 2004-05). We overrule
the second issue presented.
IV. Child Support
         In his third issue, Mr. Smith asserts that the child support amount ordered is
unjust because he is unemployed and in prison until August 19, 2004. He argues that
the amount is too high. Mrs. Smith responds generally that the support ordered is
within the statutory presumption for child support based on minimum wage. 
A. The Law
         We review a trial court's order on child support under an abuse of discretion
standard. In re H.S.N., 69 S.W.3d at 833. We will not reverse the trial court's
judgment absent an abuse of discretion. Id. A trial court abuses its discretion only
when it has acted in an unreasonable or arbitrary manner, or when it acts without
reference to any guiding principle. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). We may not reverse for abuse of discretion merely
because we disagree with a decision of the trial court. Id. at 242. In reviewing a trial
court's exercise of discretion, legal and factual sufficiency of the evidence are not
independent grounds of error but are merely factors to be assessed in determining if
the trial court abused its discretion. Zieba v. Martin, 928 S.W.2d 782, 786 (Tex.
App.–Houston [14th Dist.] 1996, no writ). In determining whether the trial court
abused its discretion, we view the evidence in the light most favorable to the trial
court's action, indulging every presumption in favor of the judgment. Zorilla v. Wahid, 
83 S.W.3d 247, 253 (Tex. App.–Corpus Christi 2002, no pet.). If some probative and
substantive evidence supports the trial court's findings, the trial court did not abuse
its discretion. Id.
         The court may order either or both parents to support a child in the manner
specified by the order. Tex. Fam. Code Ann. § 154.001(a) (Vernon 2002). The
amount of a periodic child support payment established by the child support guidelines
in effect at the time of a hearing is presumed to be reasonable; an order of support
conforming to those guidelines is presumed to be in the best interest of the child. Tex.
Fam. Code Ann. § 154.122(a) (Vernon 2002). The court may order periodic child
support payments in an amount other than that established by the guidelines if the
evidence rebuts (1) the presumption that application of the guidelines is in the best
interest of the child, and (2) justifies a variance from the guidelines. Tex. Fam. Code
Ann. § 154.123(a) (Vernon 2002). In the absence of evidence of the wage and salary
income of a party, the court shall presume that the party has wages or salary equal to
the federal minimum wage for a 40-hour week. Tex. Fam. Code Ann. § 154.068
(Vernon 2002). There is no legal presumption that an inmate has no assets; 
incarceration alone does not rebut the minimum wage presumption. In re A.P., 46
S.W.3d 347, 350 (Tex. App.–Corpus Christi 2001, no pet.). 
          If findings of fact or conclusions of law are neither filed nor requested, the
judgment of the trial court implies all necessary findings of fact to support it. Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). When a reporter's
record is brought forward, the legal and factual sufficiency of the implied findings may
be challenged on appeal. Id. at 84. However, issues raised for an appellate court's
review "dependent on the state of the evidence cannot be reviewed absent a complete
record." See In re A.P., 46 S.W.3d at 350. 
B. The Record
          At the hearing, Mrs. Smith requested monthly child support in the amount of
$142.38 to commence on September 1, 2003. She rejected retroactive child support. 
The trial court took judicial notice of the record before it. The judgment reflects child
support ordered commensurate with Mrs. Smith's request. Mr. Smith does not argue
that the amount ordered is in excess of the minimum wage guideline computation;
rather, he argues that the amount is too high. Mr. Smith did not request findings of
fact or conclusions of law. 
C. Discussion
         The following presumptions are operative: (1) the absence of findings of fact
or conclusions of law implies all necessary findings of fact to support the judgment,
Heine, 835 S.W.2d at 83; (2) the amount of a periodic child support payment is
reasonable and in the best interest of the child, Tex. Fam. Code Ann. § 154.122(a)
(Vernon 2002); and (3) absent evidence of his earned income, Mr. Smith has earned
income equal to the federal minimum wage for a standard work week. See Tex. Fam.
Code Ann. § 154.068 (Vernon 2002). Mr. Smith’s imprisonment does not rebut the
minimum wage presumption. See In re A.P., 46 S.W.3d at 350. We note that the
trial court took judicial notice of the record before it. Whether the trial court's record
and the appellate record are the same is not established. Even so, we have viewed 
the record evidence in the light most favorable to the trial court's action, indulging
every presumption in favor of the judgment. Wahid, 83 S.W.3d at 253. We are
mindful that the absence of findings of fact or conclusions of law implies all necessary
findings of fact to support the judgment. See Heine, 835 S.W.2d at 83. We cannot
conclude that the trial court, in setting child support, acted without reference to any
guiding rules or principles or acted arbitrarily or unreasonably. Thus, we conclude the
trial court did not abuse its discretion. We overrule the third issue presented.
V. Property Division
         In his fourth issue, Mr. Smith generally complains that the trial court erred in the
division of the community estate. He argues that the distribution of community
property divests him of his sole and separate property, in particular (1) the 1995
Mazda, (2) the 1999 Sonata, (3) his ring and necklace, (4) tapes and CDs, (5)
photographs, and (6) his mother's ring and necklace. Mrs. Smith counters that the
decree awards Mr. Smith the separate property requested, and the vehicle awarded to
Mrs. Smith was properly distributed as community property. 
A. The Law
         We review the trial court's division of property in a divorce action for an abuse
of discretion. Handley v. Handley, 122 S.W.3d 904, 907 (Tex. App.–Corpus Christi
2003, no pet.). A trial court has wide discretion in making a just and right division. 
Id. A trial court abuses its discretion when it divides property on values that were not
in evidence. Id. Further, a trial court's division of property that is manifestly unjust
is an abuse of discretion. Id. 
         Property possessed by either spouse during or on the dissolution of marriage is
presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998). 
To overcome this presumption, a party claiming certain property as separate property
must establish the separate character of the property by clear and convincing
evidence. Tex. Fam. Code Ann. § 3.003(b) (Vernon 1998). We resolve any doubt as
to the character of property in favor of the community estate. Akin v. Akin, 649
S.W.2d 700, 703 (Tex. App.–Fort Worth 1983, writ ref'd n.r.e.). The values of
individual items "are evidentiary to the ultimate issue of whether the trial court divided
the properties in a just and right manner." Finch v. Finch, 825 S.W.2d 218, 221 (Tex.
App.–Houston [1st Dist.] 1992, no writ). When a mischaracterization has more than
a minimal impact upon the trial court's division, we must remand the case to the trial
court for a just and right division based upon the correct characterization of the
property. McElwee v. McElwee, 911 S.W.2d 182, 189 (Tex. App.–Houston [1st
Dist.] 1995, writ denied). 
         The Texas Family Code requires the trial court in a divorce decree to divide "the
estate of the parties in a manner that the court deems just and right, having due regard
for the rights of each party and any children of the marriage." Tex. Fam. Code Ann.
§ 7.001 (Vernon 1998). The trial court may consider various factors in making a just
and right division including (1) spouses' capacities and abilities, (2) benefits which the
party not at fault would have derived from the continuation of the marriage, (3)
business opportunities, (4) relative physical conditions, (5) relative financial conditions
and obligations, (6) disparity of ages, (7) size of separate estates, (8) the nature of the
property, and (9) disparity of earning capacity. Handley, 122 S.W.3d at 907-08. The
value of community assets is generally determined at the date of divorce. Id. at 908. 
 
B. The Record
         Mrs. Smith testified that the parties married on or about July 19, 1999, and
ceased living together as spouses on or about December 2, 2001. She testified that
the 1995 Mazda was purchased during the marriage. She further testified she would
return to Mr. Smith his mother's gold ring, the computer, two cellular phones, and the
stereo system. She requested division of the estate accordingly. The trial court
awarded the property accordingly. The judgment memorializes the trial court's
pronouncement. 
C. Discussion
         The record does not establish that the trial court mischaracterized property. The
decree awards Mr. Smith his mother's gold signet ring. He presents no trial court error
for review as to the ring. As to the award to Mrs. Smith of the 1995 Mazda, evidence
establishes that it was part of the community estate. Tex. Fam. Code Ann. § 3.003(b)
(Vernon 1998). As to the remaining items, we resolve any doubt as to the character
of property in favor of the community estate. See Akin, 649 S.W.2d at 703. Because
Mr. Smith did not request findings of fact or conclusions of law, the judgment implies
all necessary findings of fact to support it. See Heine, 835 S.W.2d at 83. Because
the trial court did not issue a finding about the value of the property, we are unable
to conclude that the trial court erred in awarding property in the possession of Mrs.
Smith to her, even if that unitemized property includes the property Mr. Smith
complains of on appeal. On this record, we cannot say whether the trial court properly
or improperly divested either party of their separate property.


 
         Mindful of the appropriate deferential abuse-of-discretion standard and
presumptions, we conclude that, on this record, the trial court did not divide the estate
in an arbitrary or unreasonable manner and did not act without reference to guiding
rules and principles. We overrule the fourth issue presented.
VI. Community Debts
         In his fifth issue, Mr. Smith asserts that the trial court erred in the distribution
of the community debts, arguing that "Mrs. Smith is responsible for debts from June
2002 [,] Jan. 2003. (i.e. cell phones, gas . . . )."


 After Mrs. Smith testified, the trial
court concluded that the parties had no community debts. The trial court ordered that
any debts after the date of the parties' separation be paid by the party incurring them. 
The recitation in the decree reflects the trial court's ruling. 
         Appellate "rules place the burden on litigants to identify with sufficient
specificity the grounds for a ruling they seek." See In re Z.L.T., 124 S.W.3d 163,
166 (Tex. 2003); see also Tex. R. App. P. 33.1(a)(1)(A). A litigant's status as an
inmate does not alter that burden. In re Z.L.T., 124 S.W.3d at 166. In this case, Mr.
Smith has presented no arguable error for review. See Tex. R. App. P. 38.1(e), (g). 
We overrule the fifth issue presented.
VII. Denial of Appointment of Counsel and Opportunity to Attend Trial
         In his sixth issue, Mr. Smith asserts that he was improperly denied appointment
of an attorney ad litem, a bench warrant, and a telephone conference for purposes of
the final hearing. Mrs. Smith counters that he waived error. 
         Mr. Smith filed motions for appointment of counsel and for a bench warrant to
allow him to attend the final hearing. The record does not reflect that the trial court
considered or ruled on appellant's application. Thus, Mr. Smith did not secure a ruling
on his motions before the final hearing was convened. 
A. Bench Warrant
         Under Rule 33.1(a)(2) of the Texas Rules of Appellate Procedure, in order to
present a complaint for appellate review, the record must reflect that the trial court
"(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B)
refused to rule ... and the complaining party objected to the refusal." See Tex. R. App.
P. 33.1(a)(2). In this case, the trial court proceeded to final hearing without ruling
expressly on Mr. Smith's request for a bench warrant. Consistent with the language
of Rule 33.1(a)(2), an implicit ruling may be sufficient to present an issue for appellate
review. See In re Z.L.T., 124 S.W.3d at 165. By proceeding to trial without issuing
the bench warrant, it is clear that the trial court implicitly denied Mr. Smith's request. 
See id. Therefore, we review the ruling for abuse of discretion. Id. 
         It is well-established that litigants cannot be denied access to the courts simply
because they are inmates. In re Z.L.T., 124 S.W.3d at 165. However, an inmate
does not have an absolute right to appear in person in every court proceeding. Id. 
Instead, the inmate's right of access to the courts must be weighed against the
protection of our correctional system's integrity. Id. Texas courts of appeals have
recognized a variety of factors that trial courts should consider when deciding whether
to grant an inmate's request for a bench warrant. See id. These factors include: (1)
the cost and inconvenience of transporting the prisoner to the courtroom; (2) the
security risk the prisoner presents to the court and public; (3) whether the prisoner's
claims are substantial; (4) whether the matter's resolution can reasonably be delayed
until the prisoner's release; (5) whether the prisoner can and will offer admissible,
noncumulative testimony that cannot be effectively presented by deposition,
telephone, or some other means; (6) whether the prisoner's presence is important in
judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and
(8) the prisoner's probability of success on the merits. Id. at 165-66. The central
issue is the trial court's responsibility to independently inquire into relevant facts not
provided by the moving party. Id. at 166. A trial court has no duty to go beyond the
bench warrant request and independently inquire into the necessity of an inmate's
appearance, regardless of the content of the request. See id. Since a prisoner has no
absolute right to be present in a civil action, it follows that the prisoner requesting a
bench warrant must justify the need for his presence. See id. 
B. The Record
         In his first motion for bench warrant, Mr. Smith stated he desired to appear to
(1) contest the original petition, (2) present testimony about the child's best interests
regarding modification of the parent-child relationship and child custody, (3) assist
counsel in his defense, and (4) testify concerning the child's future. In his second
motion for bench warrant, Mr. Smith asserted "[t]his suit cannot be fairly made
without Respondent being at the hearing to testify in his own behalf and to present
evidence, cross-examine witnesses, and generally defend his interests in this suit." 
In his filed "Affidavit of Respondent's Testimony," Mr. Smith stated the following: (1)
he never intentionally exposed the child to any influence that would endanger the
physical, mental or emotional well being of the child; (2) he loves and cares for his
only child and wishes to be involved in the care and upbringing of the child; (3) the
child's best interest requires removal from her present surroundings and placement in
the State's care until Mr. Smith’s release from prison in August 2004, or placement
with paternal grandparents in Harris County, Texas; and (4) there are no community
debts and property.
C. Discussion
         The final hearing convened on August 1, 2003. Mr. Smith was set for release
from prison in August 2004. Mindful that the trial court took judicial notice of the file,
we conclude that, in implicitly denying the motion for bench trial, the trial court could
have considered Mr. Smith's "affidavit," determined the "plain vanilla" character of the
divorce, and determined that the SAPCR did not mandate his attendance at the final
hearing because his testimony would be cumulative. Even assuming, however, that
the trial court did not consider the "affidavit," Mr. Smith had the burden to establish
his right to relief. See In re Z.L.T., 124 S.W.3d at 166. Because a prisoner has no
absolute right to be present in a civil action, it follows that the prisoner requesting a
bench warrant must justify the need for his presence. Id. Because Mr. Smith failed
to make the required showing and the trial court was not required, on its own, to seek
out the necessary information, we conclude that the trial court did not abuse its
discretion by implicitly denying the request for a bench warrant. 
D. Counsel 
         By proceeding to trial without appointing an attorney ad litem to represent Mr.
Smith, the trial court implicitly denied Mr. Smith's request. See In re Z.L.T., 124
S.W.3d at 165. Thus, we review the ruling for abuse of discretion. Id.
         Mr. Smith filed two motions for appointment of an attorney ad litem. As
grounds in both motions, he cited section 107.012 of the family code. See Tex. Fam.
Code § 107.012 (Vernon Supp. 2004-05). The section, however, pertains to
mandatory appointment of an attorney ad litem in a suit filed by a governmental entity
requesting termination of the parent-child relationship or conservatorship of the child. 
Id. The section is inapplicable to a suit to dissolve a marriage that contains a SAPCR. 
See Tex. Fam. Code § 6.001 et seq. (Vernon Supp. 2004-05). Accordingly, we
conclude that the trial court's implicit denial of Mr. Smith's motion for appointment of
counsel was not an abuse of discretion. We overrule the sixth issue presented.VIII. Conclusion
         Having overruled all Mr. Smith's issues, we affirm. 
 


                                                                           ERRLINDA CASTILLO
                                                                           Justice 



Memorandum Opinion delivered and 
filed this the 26th day of May, 2005.