Affirmed and Memorandum Opinion filed September 20, 2005









Affirmed and Memorandum Opinion filed September 20, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00084-CV

_______________

 

 

IN THE INTEREST OF K. L. D. A. AND S. M. A.

 

 

______________________________________________________

 

On Appeal from 309th District Court

Harris County, Texas

Trial Court Cause No. 97‑49998

______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Cheryl
S. Cohorn appeals the denial of her request to enforce an award of attorney=s fees by contempt or wage
withholding.  We affirm.








Tonya
and Luis Aguilar were divorced in 1998. 
Their two children lived with Tonya, and Luis paid child support.  In May of 2003, an agreed modification order
(the Aorder@) was entered whereby the children
would live with Luis, and he would receive child support.  The order also stated that Cohorn=s attorney=s fees (for representing Tonya) in
relation to the children were: (1) in the nature of child-support; (2) taxed as
costs; (3) ordered to be paid by Luis; and (4) enforceable in  Cohorn=s own name.  After Luis allegedly failed to make these
payments, Cohorn sought to enforce the award by contempt and/or wage
withholding.  The trial court denied this
relief, stating in its order that it did not have authority to enforce by
contempt attorney=s fees not incurred to enforce a child support obligation.








Responding
to the trial court=s statement, Cohorn argues on appeal that Luis agreed to the
characterization of the award of attorney=s fees as a legal duty owed to his
children, and, as a result, agreed the judgment could be enforced through
contempt.  In support of her argument,
Cohorn cites section 154.124 of the Texas Family Code.[1]  But, regardless whether the trial court had
the authority to enforce such an agreement through contempt,[2]
Cohorn fails to cite any cases requiring a trial court to enforce any
order through contempt, or otherwise reversing a trial court=s refusal to so enforce any
order.  Thus, Cohorn=s issue fails to demonstrate that the
trial court erred in this case by refusing to enforce her attorney=s fee award by contempt or wage
withholding.  Accordingly, that issue is
overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed September 20, 2005.

Panel consists of
Justices Yates, Edelman and Guzman.

 

 











[1]  That section
provides as follows:

 

(a) To promote the amicable settlement of disputes
between the parties to a suit, the parties may enter into a written agreement
containing provisions for support of the child and for modification of the
agreement, including variations from the child support guidelines provided by
Subchapter C.

(b) If the court finds that the agreement is in the
child's best interest, the court shall render an order in accordance with the
agreement.

(c) Terms of the agreement pertaining to child support
in the order may be enforced by all remedies available for enforcement of a
judgment, including contempt, but are not enforceable as a contract.

(d) If the court finds the agreement is not in the
child's best interest, the court may request the parties to submit a revised
agreement or the court may render an order for the support of the child.

 

Tex. Fam. Code Ann. ' 154.124 (Vernon 2002 & Supp. 2004).





[2]  We acknowledge
there is some disagreement between this state=s
intermediate courts of appeals concerning the enforceability of an award of
attorney=s fees Ain the
nature of child support@ in non-enforcement proceedings.  Compare In re H.S.N., 69 S.W.3d 829,
835 (Tex. App.CCorpus Christi 2002, no pet.) (affirming trial court=s award of attorney=s fees Ain the nature of child support@ in modification proceeding) and Ex parte Wagner,
905 S.W.2d 799, 803 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding) (holding
that incarcerating a parent for failing to pay attorney=s fees awarded in paternity action was not a
constitutional violation), with In re Moers, 104 S.W.3d 609, 611B12 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  However,
because Cohorn fails to establish the trial court was required to
enforce the judgment as she requested, we need not address the issue of the
trial court=s authority to do so.