NO. 07-07-0072-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 21, 2009

_____

IN THE INTEREST OF G.K.D., A CHILD

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 96-558,341; HON. PAULA LANEHART, PRESIDING

_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In one point, appellant Sherry Kay Lesley (Lesley) contends the trial court erred in failing to award sufficient retroactive child support in its order increasing child support to be paid by appellee Grant Dukes (Dukes). In its December 21, 2006 order giving rise to this appeal, the trial court increased the amount of monthly child support due by Dukes retroactively from October 1, 2006. In this appeal, Lesley argues that the increased child support payments should have been ordered from the January 17, 2006 filing of Dukes'

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

answer to her request for increased child support. Disagreeing that the trial court erred, we affirm its judgment.

## Discussion

The Family Code gives a trial court authority to retroactively modify child support obligations accruing after the earlier of the date of service of citation or the date of the appearance of the respondent in such an action. Tex. Fam. Code Ann. §156.401(b) (Vernon 2008). The record reveals that Lesley's motion to increase child support was filed on December 20, 2005, Dukes was served with citation on December 26, 2005, and he answered the motion on January 17, 2006.

The trial court originally set the hearing on the motion on May 22, 2006. Because of a death in his family, Lesley's counsel sought and obtained a continuance until July 11, 2006. On July 10, 2006, Lesley's counsel, alleging that both he and Dukes' attorney had conflicting trial settings, obtained a continuance and the matter was reset for August 10, 2006. On August 9, Lesley's counsel sought another continuance on the basis that he would be out of town on August 10, and that Dukes' attorney was set for appearance in another court. This motion was granted and the hearing reset for October 19, 2006.

On September 15, 2006, Lesley's counsel amended her motion to modify and added a count seeking the modified child support retroactive to the earlier of the time of service of citation upon Dukes or the time of his appearance on the modification motion. The motion was heard at the scheduled time of October 19, 2006. On December 21, 2006, the trial court entered the order giving rise to this appeal. In the order, as material to this appeal, it included a provision providing for increased child support from October 1, 2006. As we have noted, in her one issue, Lesley contends the trial court reversibly erred

2

in not ordering the increased child support retroactive to January 17, 2006, the date of Dukes' answer to her motion seeking increased child support.

We review the decision of the trial court in matters such as this under an abuse of discretion standard which occurs when the judge acts without reference to any guiding rules or principles. *See In re Tucker*, 96 S.W.3d 662, 668 (Tex. App.–Texarkana 2003, no pet.). In making that decision, we bear in mind that while the existence of evidence supporting the trial court's decision depends not only on whether it acted without reference to guiding rules and principles but whether the evidence supports it decision. *Nordstrom v. Nordstrom,* 965 S.W.2d 575, 582 (Tex. App.–Houston [1st Dist.] 1997, pet. denied); *In re Hamer,* 906 S.W.2d 263, 265 n.1(Tex. App.–Amarillo 1995, no writ). Also, in performing that task, we review the evidence in a light most favorable to the trial court's decision, and we must indulge in every presumption favoring the judgment. *In re Tucker*, 96 S.W.3d at 665.

Here, the evidence was focused chiefly upon Dukes' increased net resources. There was evidence that while Lesley provided the child's residence in Marble Falls, she agreed that they also lived in Horseshoe Bay. There was evidence she had remarried and occupied a home valued at one million dollars. Her husband was in the real estate business while she operated a property renovation business. Dukes testified that he had purchased a duplex in Horseshoe Bay and when he traveled from his home in Abilene to spend his designated weekends with G.K.D., he stayed there because that living arrangement provided a better environment for G.K.D. than a hotel room. The evidence also showed that Dukes frequently traveled to G.K.D.'s Thursday night junior varsity

games. He furnished an expense summary showing that the cost of the trips to Horseshoe Bay and the purchase expenses of the duplex amounted to some $4,000 per month.

The purpose of awarding retroactive child support is to remove any motive by an obligor to delay proceedings because absent such power, there would be considerable motive to do so. *In re H.S.N.*, 69 S.W.3d 829, 833 (Tex. App.–Corpus Christi 2002, no pet.). Although for apparent good reasons, and with the agreement of Dukes, Lesley's three motions for continuance nevertheless added five months to the pretrial period.

We also note that it was only after obtaining three continuances and with trial a month away that Lesley sought retroactive child support for the first time. Although Lesley's motion contained fair notice of her claim for retroactive child support, we find that the timing of that request, together with the evidence produced at the hearing, is sufficient to justify the trial court's discretion in limiting the period of the retroactivity to October 1, the first day of the month following service of Lesley's amended motion.

Accordingly, Lesley's issue is overruled, and the order of the trial court is affirmed.


John T. Boyd
Senior Justice

4